**Application of Harry E. THOMASON.**

**Patent Appeal No. 76–739.**

United States Court of Customs and Patent Appeals.

June 2, 1977.

Harry E. Thomason, pro se.

Joseph F. Nakamura, Washington, D.C., for the Commissioner of Patents, Robert D. Edmonds, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals (board) affirming the examiner's rejection of claims 8–11, 22 and 23 [1] under 35 U.S.C. § 103 as obvious from Thomason (U.S. Patent No. 3,236,294, issued February 22, 1966), in view of Schutt (U.S. Patent No. 1,969,187, issued August 7, 1934). We affirm.

## THE INVENTION

The claimed invention relates to a solar heating system for a building. Referring to Figure 1, the system operates basically as follows: water is circulated through a solar heat collector (9) and travels to a storage tank (1). The heat from the water stored

1. In the application of Harry E. Thomason, filed September 18, 1973, Serial No. 398,323 for Solar Heating (Cooling) System.

in the tank (1) transfers to stones (4) surrounding the tank (1). A pump (10) continuously transfers water from the tank (1) to the solar heat collector (9). Auxiliary heat is supplied by a domestic water heater (22) which transfers heat to finned tubing (21) in the path of flowing air.

FIG. 1

The appealed claims are 8–11, 22 and 23. Claims 1–5 were allowed while claims 12–21 stand withdrawn and claims 6 and 7 were cancelled. Claims 11 and 22 are representative of the invention:

11. The method of heating a building and the domestic water supply comprising the steps of collecting solar-produced heat, storing said solar-produced heat to warm the building, heating the domestic water by auxiliary heat in a domestic water heater, and utilizing a portion of the heat output of the domestic water heater to assist in warming the building when solar-produced heat is not adequate to meet the heat load.

22. In heat storage and auxiliary heat apparatus the combination comprising heat storage means and means to recover heat from storage, auxiliary heating means to add auxiliary heat as needed, domestic water-heating means to heat domestic water, means to supply hot water from said water-heating means to said auxiliary heating means and also to domestic hot water facilities, and means to control flow of hot water to either, or both, as needed.

*References*

The patent to Thomason, appellant, discloses a solar heating system represented by Figure 2. Heat is absorbed by circulating a fluid through a solar collector (1). The fluid is stored in a tank (42) where the heat is transferred to stone-like material (59) surrounding the tank (42). The home is heated by forced air that circulates around the warmed stone-like material (59). Because solar heat is often insufficient to heat a house, an auxiliary heater (60) is available to directly heat the forced air. The solar heated fluid flows around a domestic water preheater (66).

Fig. 2.

Schutt relates to a heat balancing system which utilizes solar heat. It discloses an auxiliary heater consisting of a boiler and a steam coil.

### Rejection

The examiner rejected claims 8–11, 22 and 23 under 35 U.S.C. § 103 as obvious from Thomason in view of Schutt. He reasoned that the Thomason auxiliary heater could be a water heat exchanger such as a domestic water heater, especially in view of Schutt. To this rejection appellant argued, before the board, that Thomason has no suggestion that the auxiliary electric heater could be replaced by a domestic water heater because the reference eliminates any kind of furnace or boiler.

Affirming the examiner's rejection, the board gave the claims in the application the broadest reasonable interpretation. The board decided that auxiliary heater (60) of Thomason would have suggested a domestic water heater. Finally, the board concluded that such a domestic water heater falls within the broad scope of the claims.

### OPINION

The ultimate legal question before the court is whether the combination of the teachings of the references would have suggested the invention as claimed. That decision hinges upon the interpretation, in the context of the combination of references, of "auxiliary heater" disclosed in the primary reference, Thomason. We conclude that it would have been obvious for a person having ordinary skill in the art to have incorporated a domestic water heater to supply hot water for an auxiliary heater in a solar

**534**

heating system as claimed in the application. Having reached this conclusion on the record, we *affirm* the board's decision.

*AFFIRMED.*